Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **NATHAN SKELLEY**, <br><br> Plaintiff, <br><br> vs. <br><br> **RAY KLEIN, INC. DBA PROFESSIONAL CREDIT**, <br><br> Defendant | Case No.: 09-cv-06242-AA <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA")

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. §1692k(d).

### III.  PARTIES

3. Plaintiff, Nathan Skelley ("Plaintiff"), is a natural person residing in Deschutes County, Oregon.

4. Defendant, Ray Klein, Inc. dba Professional Credit, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Approximately 3 times during the months of May and June, 2009, Plaintiff called Defendant to discuss settlement of several separate debts Defendant had purchased from various different creditors.

9. In or around May, 2009, Plaintiff reviewed his credit report and found multiple unpaid debts reported as unpaid by Defendant. Plaintiff resolved to pay as many of the debts as he could.  Plaintiff believed at this time that he had the means to pay all of the debts listed except one, the largest debt.  Hereafter the group of debts Plaintiff sought to pay are referred to as "the debts."

10. On or about May 26, 2009, Plaintiff made his initial call to Defendant in an attempt to pay the debts.  Plaintiff chose this day to call because he had recently been

paid by his employer and knew he had enough money in his checking account to cover the total amount of the debts, using the amounts listed on his most recent credit report. When Plaintiff offered to pay the total amount he had computed based on his credit report, Defendant informed him that, due to interest added since the debts had last been reported to Plaintiff's credit, Plaintiff owed an additional $300. Plaintiff did not have an additional $300 available on this day, but he knew he would have an additional $300 by his next payday. Plaintiff therefore offered to pay the balance in full on the day of the conversation and requested that he be given 2 additional weeks to pay the balance. Defendant agreed.

11.     On or about June 9, 2009, Plaintiff called Defendant in hopes of paying the debts for the amount agreed to during the previous call 2 weeks earlier. Instead of accepting Plaintiff's payment as promised in the previous telephone call, Defendant stated that Plaintiff owed an additional $150. Again, Plaintiff did not have the additional $150 demanded by Defendant. He requested again that the current balance be extended for 2 weeks, believing, as before, that his next paycheck would provide him the additional funds needed to meet Defendant's demands. Defendant agreed.

12.     On or about June 23, 2009, Plaintiff Defendant once again in the hope of settling the debts for the amount agreed upon in the previous conversation 2 weeks earlier. Once again, Defendant refused to settle for the agreed-upon sum. When Plaintiff approached Defendant about their failure to honor their prior agreements, Defendant stated that it was Defendant's avowed policy not to make any offers that remain valid beyond the end of the conversation in which the offer is made. Plaintiff then for a third

time requested that Defendant state the current balance for the debts, hoping that he had enough money to allow for the latest increase. This time, however, Defendant refused to provide a pay-off amount for the debts and explicitly refused to accept payments of any kind whatsoever other than full payment for all debts, including the largest debt, which heretofore had not been the subject of any settlement negotiations or offers. Plaintiff once again asked if Defendant would allow him to make a payment in any way shape or form toward the debt other than payment in full for all debts. Defendant clarified that it was refusing to accept any payments on the debt other than payment in full for all debts.

13. The factual allegations in the preceding paragraphs support the following violations of the FDCPA:

a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including refusing to take payment in full with respect to any individual debt purchased by Defendant, instead demanding payment in full on all debts owed to Defendant, whereby Defendant disavowed the requirements of 15 USC § 1692h (§ 1692f & § 1692e(5));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendant agreed twice to accept a specific lump sum as payment in full for a select group of debts owed by Plaintiff to Defendant, payable in 2 weeks or less from the date of such agreements. Both times, Defendant later failed to acknowledge the existence of any agreement and refused to accept the agreed-upon amount as payment in full for the group of debts (§ 1692e(10));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendant gave Plaintiff conflicting information over the course of multiple telephone calls regarding Defendant's policy applying to settlements. The last individual Plaintiff spoke with about this issue told him that Defendant has a policy of refusing to extend any payment arrangements beyond the conversation where such agreements are made, such that all offers or balance statements made in phone calls expire at the termination of the phone call. This information conflicted with earlier conversations, where in Defendant had offered to "freeze" the balance on one day and would accept that amount as payment in full for as long as 2 weeks into the future, despite the continual accrual of interest (§ 1692e(10)).

14. Defendant's actions, detailed in paragraphs 8-12, were undertaken with extraordinary disregard of, or indifference to, known or highly probable rights and risks to purported debtors.

15. To the extent Defendant's actions, detailed in paragraphs 8-12, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA

B. Actual damages pursuant to 15 USC § 1692k

C. Statutory damages pursuant to 15 U.S.C. § 1692k

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

F. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 30th day of October, 2009.

By:_____
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff