IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATHAN SKELLEY,

        Plaintiff,

vs.

RAY KLEIN, INC. dba PROFESSIONAL CREDIT,

        Defendant.

Civil No. 09-6242-AA
OPINION AND ORDER

---

Joshua Trigsted
Attorney At Law
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ  85012
    Attorney for Plaintiff

Floyd C. Mattson
Attorney At Law
Buz Mattson & Associates, P.C.
PO BOX 7637
Eugene, OR  97401
    Attorney for Defendant

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Nathan Skelley, ("plaintiff") filed a complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"). Plaintiff alleges that defendant, Ray Klein, Inc. dba Professional Credit Service ("defendant") violated the FDCPA by engaging in abusive behavior while attempting to collect a debt from plaintiff. Defendant filed a motion to dismiss alleging that the plaintiff failed to state a claim upon which relief can be granted. Plaintiff subsequently filed an amended complaint, however, plaintiff did not file any opposition to defendant's motion. Defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff is an individual consumer; defendant is a debt collector. In plaintiff's original complaint he alleged that defendant used "unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including refusing to take payment in full with respect to any individual debt purchased by defendant, instead demanding payment in full on all debts owed to Defendant." Complaint, p. 2.

Plaintiff's amended complaint alleges that around May 26, 2009, plaintiff made his first phone call to defendant offering to pay the full amount he owed defendant. Defendant then informed plaintiff that he owed an additional $300 due to interest accrual. Id. at p. 3. Plaintiff stated he would pay the balance; however, he requested two additional weeks to submit

Page 2 - OPINION AND ORDER

payment. Defendant agreed to plaintiff's request for additional time.

Around June 9, 2009, plaintiff again telephoned defendant hoping to pay the balance agreed to during the previous telephone conversation. Id. Plaintiff alleges that, "Instead of accepting Plaintiff's payment as promised in the previous telephone call, Defendant stated that Plaintiff owed an additional $150." Id. Plaintiff did not have the additional money and therefore requested that the current balance be extended 2 more weeks, "believing, as before, that his next paycheck would provide him the additional funds needed to meet Defendant's demands. Defendant agreed." Id.

Around June 23, 2009, plaintiff contacted defendant again about his debt and requested permission to pay only the original balance (without accrued interest and penalties). Once again, defendant refused insisting plaintiff now owed an increased amount due to the interest and penalties.

For the third time, plaintiff requested that defendant provide him with his current debt balance. Defendant, however, refused to provide a pay-off amount for the debts and explicitly refused to accept payments of any kind other than full payment for all debts, including the largest debt, which previously had not been the subject of any discussion. Id. at p. 4. Plaintiff then asked defendant if he could make a payment toward the debt "other than payment in full for all debts." Id. Defendant

Page 3 - OPINION AND ORDER

"clarified that it was refusing to accept any payments on the debt other than payment in full for all debts." Id.

Plaintiff alleges the following violations of FDCPA: (1) "unfair or unconscionable" means against plaintiff; (2) "false representation and deceptive practices" by defendant; (3) and "false representations and deceptive practices in connection with collection of an alleged debt from plaintiff." Id. at 4-5.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, __ U. S. __, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Twombly explains, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Trombly, 127 S.Ct. at 1965. A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations; however, a plaintiff's "'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions..." Id. at 1964-65.

Page 4 - OPINION AND ORDER

Plaintiff's original complaint alleged that the defendant used unfair or unconscionable means against plaintiff in order to collect a debt. Complaint, p. 2. Plaintiff's Amended Complaint attempted to clarify those allegations. Amended Complaint, p. 2-5. Plaintiff's allegations, however, regarding telephone conversations with defendant do not support violations of 15 U.S.C. §§ 1692h, 1692f, 1692e(5), or 1692e(10).

Title 15 U.S.C. § 1692h provides that:

> If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

Id.

Section 1692h operates on the assumption that a consumer has actually made a payment to a debt collector. Here, plaintiff fails to allege that he made any payment whatsoever to defendant. Moreover, plaintiff fails to allege that if a payment was made, it was either misapplied by defendant, or applied against plaintiff's directions. Instead, plaintiff alleges he engaged in various telephone conversations with defendant about the debt he owed defendant. Plaintiff fails to state a claim under 15 U.S.C § 1692h. Like <u>Twombly</u>, this court requires more than labels and conclusions to entitle a plaintiff to the relief he seeks.

Page 5 - OPINION AND ORDER

Next, the court will assume that plaintiff intends to allege a violation of section 1692f, although such violation is never clearly articulated. Plaintiff asserts that the defendant engaged in "unfair practices." Again, plaintiff fails to state a claim. Plaintiff argues that defendant used "unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including refusing to take payment in full with respect to any individual debt purchased by Defendant, instead demanding payment in full on all debts owed to Defendant...". Amended complaint, p. 4.

While the phrase "unfair or unconscionable means to collect or attempt to collect any debt" is fairly broad, 15 U.S.C § 1692f lists certain conduct that violates this section. This conduct includes:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;
> (2) The acceptance by a debt collector from any person or a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit; (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purposes of threatening or instituting criminal prosecution;
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument; (5) Causing charges to be made to

Page 6 - OPINION AND ORDER

any person for communications by concealment of
the true purpose of the communication. Such
charges include, but are not limited to, collect
telephone calls and telegram fees; (6) Taking or
threatening to take any non judicial action to
effect dispossession or disablement of property
if...; (7) Communicating with a consumer regarding
a debt by post card; (8) Using any language or
symbol, other than the debt collector's address,
on any envelope when communicating with a consumer
by use of the mails or by telegram, except that a
debt collector may use his business name if such
name does not indicate that he is in the debt
collection business.

15 U.S.C. section 1692f.

Plaintiff's allegation that defendant engaged in unfair or unconscionable means by refusing to take payment in full does not constitute a violation under § 1692f. Plaintiff's assertion is mere speculation and insufficient to state a claim pursuant to § 1692f. Plaintiff does little more than reference § 1692f in his complaint.

Finally, plaintiff also fails to state a claim under §§ 1692e(5) and 1692e(10). Section 1692e(5) describes the following violation, "The threat to take any action that cannot legally be taken or that is not intended to be taken." Here, plaintiff's Amended Complaint fails to allege any illegal action taken by the defendant. Similarly, plaintiff fails to state a claim under 1692e(10). A violation occurs under § 1692e(10) when there is "use of any false representation or deceptive means to collect or attempt to collect any debt ..." from the consumer.

Page 7 - OPINION AND ORDER

Plaintiff alleges that the defendant used false representation and deceptive means to collect the debt over the course of multiple telephone calls. Plaintiff asserts that defendant used deceptive means in telephone conversations because the defendant repeatedly established a "new" amount regarding payment in full. This court takes notice that unpaid bills are frequently higher in subsequent months due to failure of the payee to pay his or her bills. Here, it should not be a surprise that plaintiff's debt increased each time plaintiff failed to pay his debt. Plaintiff's claims are speculative as he relies only on his assertion that the phone calls are "false and deceptive." That label is insufficient to state a claim.

In sum, plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009). ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'). Here, plaintiff pleads facts that are 'merely consistent with' defendant's alleged liability for violating.

## CONCLUSION

Defendant's motion to dismiss (doc. 3) is granted. This case is dismissed and all pending motions are denied as moot.

Page 8 - OPINION AND ORDER

IT IS SO ORDERED.

Dated this 2 day of February, 2010.

*Ann Aiken*
Ann Aiken
United States District Judge

Page 9 - OPINION AND ORDER